**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Michael Martinez, | No. CV-25-02246-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court is Plaintiff Anthony Michael Martinez' ("Martinez") Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 3). Martinez asserts 42 U.S.C. § 1983 claims against the State of Arizona, Judicial Officer Alex Navidad, and unknown "Cohort[s]" (collectively, "Defendants"). (Doc. 1 at 2-3.) The Court will grant Martinez' Application but dismiss his Complaint without prejudice.

**I.    IFP APPLICATION**

Martinez' Application indicates that he is unable to pay the filing fee for this action. Accordingly, the Court will grant Martinez' Application (Doc. 3).

**II.    STATUTORY SCREENING OF IFP COMPLAINTS**

The Court must screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2).[1] The Court must dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

---

[1] Section 1915 largely concerns prisoner litigation, but § 1915(e) applies to all *in forma pauperis* proceedings in the Ninth Circuit. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

defendant who is immune from such relief. *Id*. § 1915(e)(2)(B).

The Court must also have jurisdiction to hear the complaint. Federal courts are courts of limited jurisdiction, possessing only the power authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has determined that federal courts can hear only certain types of cases, and without such subject-matter jurisdiction, federal courts cannot entertain a lawsuit. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Federal courts normally have subject-matter jurisdiction over a case in one of two ways. The first is through 28 U.S.C. § 1331, which provides the Court jurisdiction over cases arising under federal law. The other way federal courts gain subject-matter jurisdiction is through 28 U.S.C. § 1332, which grants federal courts jurisdiction over lawsuits between citizens of different states, assuming the amount in controversy is met. A plaintiff must establish complete diversity, meaning that no party can be a citizen of the same state as another party. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Absent either a federal question or complete diversity, a federal court usually cannot hear a complaint. *Royal Canin*, 604 U.S. at 26.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must also contain sufficient facts that, accepted as true, "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts in the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As some relief from this Rule, *pro se* pleadings like Martinez' are "to be construed liberally" and the plaintiff should be afforded "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). *But see Boquist v. Courtney*, 32 F.4th

764, 774 (9th Cir. 2022) ("A liberal construction of a *pro se* complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint.").

## III.    DISCUSSION

Asserting a single factual allegation in support of his claim, Martinez pleads that Defendants "have violated U.S. Codes consistent with division of community property in an unlawful dissolution without jurisdiction nor marriage[,] which has created severe irreparable harm using the courts of Law." (Doc. 1 at 4.) Martinez cites 1 U.S.C. § 7 (defining "marriage") and a provision of the Tax Reform Act of 1984, 26 U.S.C. § 1041, which provides that there is no tax gain or loss upon transfer of property between spouses or on divorce. (Doc. 1 at 4.) Martinez also references A.R.S. § 25-111, an Arizona law detailing marriage standards and the recognition of covenant marriages in Arizona. (*Id.*) Martinez' alleged injuries consist of "Unlawful displacement, Loss of employment, Loss of All Property, Accrual of debt, [and] Damage to character and reputation." (*Id.* at 5.) Martinez seeks $3.57 million in damages to account for "[u]ndue loss of liberty and property creating circumstances that cost life and the pursuit therein." (*Id.*)

Although far from clear, Martinez seems to allege that an Arizona state court violated his rights by improperly apportioning his community property after his marriage ended.

### A.    Subject-Matter Jurisdiction

#### 1.    Diversity Jurisdiction

Martinez listed an Arizona zip code as his residence. (*Id.* at 2.) The Court therefore assumes Martinez is a citizen of Arizona. But Martinez did not allege the citizenship of the named Defendants and listed "Cohort (Et Al.) [sic]" as unknown Defendants. (*Id.* 2-3.) Any one of these Defendants could defeat complete diversity if residing in Arizona. (*Id.* at 3.) The Court cannot determine whether there is complete diversity and therefore cannot exercise subject-matter jurisdiction under 28 U.S.C. § 1332. *See Owen*, 437 U.S. at 373.

Even if Martinez alleged sufficient facts to establish diversity jurisdiction, the

1    domestic relations exception precludes this Court from hearing the complaint. *Ankenbrandt*
2    *v. Richards*, 504 U.S. 689, 703 (1992). The Supreme Court held in *Ankenbrandt* that 28
3    U.S.C. § 1332 prevents federal courts from issuing or modifying divorce decrees, as
4    domestic relations cases are best left to state courts. *Id.* at 703-04. To the extent that
5    Martinez asks the Court to modify a divorce decree, the domestic relations exception bars
6    the Court from hearing Martinez' claims.

### 2.    Federal Question Jurisdiction

8        Martinez seeks relief from "[u]ndue loss of liberty and property creating
9    circumstances that cost life and the pursuit therein." (Doc. 1 at 5.) But Martinez has not
10   adequately pled federal question jurisdiction. Citing a provision of the Tax Reform Act of
11   1984 without any factual allegations to explain the basis of his claim does not produce a
12   federal claim on the face of the complaint. (*Id.* at 4.) A citation to the statutory definition
13   of marriage provides even less. (*Id.*) Even construing Martinez' claim liberally, the Court
14   cannot supply Martinez with a claim arising under federal law. *See Boquist*, 32 F.4th at
15   774. Accordingly, the Court does not have subject-matter jurisdiction under these claims.

16       Martinez also alleges constitutional violations under 42 U.S.C. § 1983. (Doc. 1 at
17   3-4.) While this claim possibly provides a federal question, the *Rooker-Feldman* doctrine
18   precludes the Court from entertaining this claim. Under *Rooker-Feldman*, "a party losing
19   in state court is barred from seeking what in substance would be appellate review of the
20   state judgment in a [federal] court, based on the losing party's claim that the state judgment
21   itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06
22   (1994). This doctrine even applies "where the challenge to the state court decision involves
23   federal constitutional issues, including section 1983 claims." *Benavidez v. County of San*
24   *Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (citations omitted). Martinez claims that
25   Defendants "have violated U.S. Codes . . . using the courts of Law" in connection "with
26   division of community property in an unlawful dissolution." (Doc. 1 at 4-5.)

27       Although lacking in clarity, Martinez seems to request federal review of a state court
28   domestic relations decision. Under the *Rooker-Feldman* doctrine, the Court cannot

entertain Martinez' request.[2]

### 3. Statute of Limitations

Even if the Court could hear Martinez' constitutional claim, it appears that the two-year statute of limitations for § 1983 has run. "[F]ederal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Arizona plaintiffs must commence personal injury actions in Arizona courts within two years after the cause of action arises. *See* A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) (applying A.R.S. § 12-542 to a § 1983 claim). Martinez claims the events leading to this lawsuit occurred on March 17th, 2022, more than three years ago. (Doc. 1 at 4.) Martinez' § 1983 claim is time barred.

### B. Pleading Standards

The Court must construe Martinez' *pro se* claim liberally and afford him "the benefit of any doubt." *Hebbe*, 627 F.3d at 342. Even doing so, Martinez' pleading is the type of "unadorned, the defendant unlawfully-harmed-me accusation" that *Ashcroft* prohibits. 556 U.S. at 678. There are not enough facts to "allow[] the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There are no facts that "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. And a conclusory allegation that the Defendants violated "U.S. Codes" does not plausibly state a claim for relief either. (Doc. 1 at 4); *Ashcroft*, 556 U.S. at 678. Martinez' complaint will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. LEAVE TO AMEND

If a pleading might be cured by allegations of other facts, a *pro se* litigant is entitled

---

[2] To the extent Martinez asks this Court to re-adjudicate his divorce proceedings or enforce any divorce decree, the request is barred by the Anti-Injunction Act, res judicata, and/or collateral estoppel. *See* 28 U.S.C. § 2283; *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980) (finding that res judicata "bars all grounds for recovery which could have been asserted [in an earlier proceeding], whether they were or not"); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (citation omitted) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action.").

to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Given the jurisdictional issues addressed above, the Court concludes that leave to amend would not cure the deficiencies of Martinez' pleading. *Id.* Martinez may be able to assert his claims elsewhere; therefore, the Court will dismiss the complaint without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (explaining that a dismissal without prejudice means a complaint asserting the same claims may be refiled).

**V.      CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Application (Doc. 3.) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 11th day of July, 2025.


Michael T. Liburdi
United States District Judge